UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARDITH S. LEMY, *et al.*,

    Plaintiffs,

v.                                                                                       Case No. 8:11-cv-02722-T-23AEP

DIRECT GENERAL FINANCE
COMPANY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court after the undersigned filed a Report and Recommendation regarding Defendants'[1] entitlement to costs. (Dkt. No. 142.) In the Report and Recommendation, the undersigned recommended that Defendants' costs be awarded with the exception of those costs that Defendants conceded were not taxable, with costs totaling $11,275.75. (*Id.*) Plaintiffs then timely filed an Objection to the Report and Recommendation, which raised a new issue regarding electronic discovery costs. (Dkt No. 145.) In their Objection, Plaintiffs only objected to the charges attributed to electronic discovery, which totaled $9,775.00.[2] (Dkt. No. 145 at 3.) The District Judge subsequently remanded the Report and Recommendation

---

[1] The reference to Defendants includes: Certain Underwriters at Lloyd's, London, Mitchel Kalmanson, Lester Kalmanson Agency, Inc., National Insurance Underwriters, Inc., National Adjustment Bureau, Inc., Nation Motor Club, Inc., Nation Safe Drivers, LLC, and NSD Group, LLC.

[2] Thus, the amount of undisputed costs that Defendants are entitled to is $1,500.75.

to the undersigned for reconsideration of the costs award in light of Plaintiffs' Objection.[3] (Dkt. No. 146.)

On February 6, 2013, after Defendants filed a Response (Dkt. No. 148) in opposition of Plaintiffs' Objection, the undersigned held a hearing on the matter. At the hearing, the undersigned directed the parties to meet and confer regarding the disputed amount of electronic discovery costs and instructed Defendants to either file a supplemental response or a notice of settlement as to the amount of costs, if in fact, the parties reached an agreement. On February 15, 2013, Defendants filed a Notice indicating that the parties agreed to settle the disputed amount of $9,775.00 discussed in the Objection. (Dkt. No. 152 at 1.) In addition to the $1,500.75 of undisputed costs, the parties agreed that Defendants would also be entitled to $1,000.00 in taxable costs from Plaintiffs as to the disputed amount. (*Id.* at 2.) Accordingly, the parties agreed that Defendants are entitled to a total of $2,500.75 in taxable costs. As such, the undersigned recommends that Defendants be awarded $2,500.75 in taxable costs.

Accordingly, and for the foregoing reasons, it is hereby **RECOMMENDED** that:

(1) Defendants' Bill of Costs (Dkt. No. 128) be **GRANTED IN PART AND DENIED IN PART**, to the extent that $2,500.75 in costs be awarded in favor of Defendants and against Plaintiffs.

**IT IS SO REPORTED** in Tampa, Florida on this 21st day of February, 2013.

---

[3] Although the District Judge remanded the Report and Recommendation for disposition (Dkt. No. 146), under Local Rule 6.01(c)(18), a magistrate judge cannot enter an order that would be appealable if entered by a district judge. *See also* 28 U.S.C. § 636. Accordingly, the undersigned has submitted a report and recommendation.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(c); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Honorable Steven D. Merryday
Counsel of Record

3